**UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GREGORY EDWARDS and

SHARON EDWARDS,

     Plaintiffs,

vs.

FEDERAL HOME LOAN MORTGAGE
CORPORATION, THE BIGELOW GROUP
KELLER WILLIAMS REALTY and
ANTHONY LEHMAN,

     Defendants.

Case No. 2:11-cv-13352

District Judge Marianne O. Battani

Magistrate Judge: Michael J. Hluchaniuk

---

Kendell Lott-Tucker (P63543)
The Law Offices of Kendell D. Shipp-Lott, PLC
Attorneys for Plaintiffs
P.O. Box 1749
Royal Oak, MI 48068
(248)798-5250

John F. Fleming (P43323)
Kallas & Henk, PC
Attorneys for Keller & Lehman
43902 Woodward Avenue, Suite 200
Bloomfield Hills, MI 48302
(248) 335-5450 Ext. 213

Bonnie Mayfield (P40275)
Michael S. Weisenbach (P73384)
Dykema Gossett PLLC
Attorneys for Defendant Federal Home Loan
Mortgage Corporation
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
248.203.0700
bmayfield@dykema.com
mweisenbach@dykema.com

---

## STIPULATED PROTECTIVE ORDER

At a session of said Court held on April 13, 2012

PRESENT: HONORABLE MARIANNE O. BATTANI

This matter having come before the Court on the stipulation of the parties, the parties anticipating discovery of certain information and/or documents concerning confidential information, confidential business information, confidential employee relations information, trade secrets, proprietary information, and/or competitively sensitive information (collectively referred to as "Confidential Information"); the parties having approved this Stipulated Protective Order to protect the confidentiality of the information and/or documents that are likely to be produced in discovery; and good cause having been shown to the Court; now, therefore:

IT IS HEREBY ORDERED that the following procedures shall govern the disclosure and/or production of any information or documents marked "Confidential" by any party, (hereinafter, "Confidential Documents" or "Confidential Information"):

1. This Order shall be applicable to, and shall govern, all subpoenas, depositions, and any other discovery authorized by the Federal Rules of Civil Procedure, court testimony, matters of evidence, and other disclosed information which the parties have designated in good faith as Confidential Information pursuant to this Order.

2. For purposes of this Stipulated Protective Order, the term "party" or "parties" shall include the following: Gregory Edwards, Sharon Edwards, and Federal Home Loan Mortgage Corporation or related entities ("Freddie Mac"), The Bigelow Group Keller Williams Realty, and Anthony Lehman.

3. The "Producing Party" as used herein means the party that produces or otherwise discloses Confidential Information. The "Receiving Party" means the party to which Confidential Information is produced or disclosed.

4. "Confidential" as used herein means any kind, type or classification of information which is designated as confidential by the producing party, whether it be a

document, information contained in a document, physical exhibits, information revealed during a deposition, information revealed in discovery responses, an interrogatory answer, or otherwise. In designating information as "Confidential," the producing party will make such designation only as to that information that it in good faith believes is or contains Confidential Information. All deposition transcripts containing Confidential Information shall bear a "Confidential" stamp on the title page.

     5.    "Qualified Person" as used herein means:

         a.    Parties and their employees;

         b.    Attorneys of record in this litigation and any associated counsel, and employees of such attorneys and counsel to whom it is necessary that the information be disclosed for the purposes of this litigation;

         c.    Any person employed by a party or a party's attorneys of record in this litigation as an independent, consultant, investigator, expert (who is not a shareholder, officer, director or employee of a party) and the consultant's, investigator's, or expert's employees and associates, to whom disclosure is necessary in the consultant's, investigator's, or expert's evaluation of the matter before him.

         d.    Mediators, facilitators, or court reporters hired to transcribe deposition testimony.

         e.    Any other person who is designated as a Qualified Person by written agreement of counsel for the parties or by Order of this Court, after notice to both parties.

     6.    Except as otherwise provided herein, by order of the Court, or with the consent of all of the parties, the parties and their attorneys shall not reveal any Confidential Information, show Confidential Documents, or reveal information contained in Confidential Documents

provided by the other party to anyone except to a Qualified Person for the purpose of discovery, for preparation and use at any and all pretrial and trial proceedings of this cause, and for no other purpose. To the extent a party produces Confidential Information relating to a specific employee's discipline or work performance evaluation, a party, for purposes of this lawsuit only, may show to that specific employee his or her own discipline or work performance evaluation.

7. Copies made from any documents containing information covered by this Order shall be stamped "Confidential" on each page therein; however, the failure to stamp covered pages or documents "Confidential" in no way alters or waives the protected and confidential nature of the Confidential Information or documents and does not remove them from the protection of this Order. Further, all parties agree that they will not seek to use the documents marked "Confidential" at trial, but will permit the producing party to substitute clean copies for the marked copies.

8. In the event that a document is produced without the designation "Confidential" and it is later determined, in good faith, that such a designation should have appeared on the document, the Producing Party may restrict future disclosure of the document, consistent with this Protective Order, by notifying the Receiving Party in writing of the change in or addition of a restrictive designation. The notice shall include a description of the document and the designation under which future disclosure of the document is to be governed.

9. Prior to disclosing Confidential Information and/or Confidential Documents to Qualified Persons, other than employees of the party's attorneys, counsel shall have such persons review this protective order and acknowledge his or her obligation to honor the confidentiality designation.

10. At the conclusion of this litigation, each party and its attorneys and each Qualified Person shall return to counsel for the other party copies of all documents containing Confidential Information and provide counsel for the other party with a letter confirming that it has complied with all terms of this Order and further affirming that no copies of Confidential Documents have been retained or distributed in violation of this Stipulated Protective Order. Upon termination of this action, all copies of the produced documents containing information designated as "Confidential Information" shall be returned to the Producing Party, with the exception of one archival copy of deposition exhibits, transcripts, Court exhibits and transcripts, and documents and information included in submissions to the Court that may be retained by the outside attorneys for the Producing Party.

11. Nothing in this Order shall preclude, or be construed to preclude, the parties from using and quoting Confidential Information and/or Confidential Documents in depositions, pleadings, or at pretrial and trial proceedings of this cause, provided, however, that any pleading or other document disclosing the contents of documents subject to this Order, other than the title or fact of existence of such documents, which may be submitted to the Court whether in the form of interrogatory answers, document production, requests for admissions, depositions, deposition notices or transcripts, pleadings, motions, affidavits, briefs or other documents or pretrial proceedings, shall be presented, taken or submitted to the Court in accordance with Paragraph 12.

12. **Filing Protected Documents**. "Protected" documents are to be sealed in a 9 x 12 inch envelope. The envelope shall have the following information printed on its face: (1) the name of the court, (2) the title of the case, (3) the case number, (4) the name of the document, (5) the attorney's name, address and the party he or she represents and (6) the following language:

"Confidential Material Pursuant to Protective Order." A copy of the Protective Order shall also be attached to the outside of the envelope.

13. Nothing in this Order shall operate as, or be construed to operate as, a waiver of any objections to the designation of documents as "Confidential" or to providing the other party with any information that is requested in discovery and/or is subject to this Order or from either party requesting that particularly sensitive documents be subject to more stringent restrictions prior to being produced to the other party.

14. Nothing in this Order shall prevent the parties from filing a Motion for Modification of the Protective Order, either by stipulation, or with good cause shown, or from asking the Court by motion to determine whether the other party has inappropriately designated information or documents as "Confidential."  This Court retains continuing jurisdiction to enforce this Order.

15. This Protective Order is without prejudice to the right of the parties to oppose the admissibility of any of the documents produced on the grounds of lack of relevance, privilege, or any other reason.

16. **Procedure Upon Termination of This Action**.  Sixty days after the termination of this action by order or judgment, or by an appellate mandate if appealed, the material submitted under seal pursuant to this protective order will be unsealed and placed in the public case file, unless counsel present a proposed order directing the Clerk's Office to return them to the parties responsible for their submission. An order for the return of protected documents to the parties or attorneys who submitted them shall require counsel to maintain one archival copy of depositions exhibits, transcripts, Court exhibits and transcripts, and documents and information included in submissions to the Court.

17. This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in this case shall file and serve a motion that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that means other than sealing are not available or unsatisfactory to preserve the interest advanced by the movant in support of sealing; (v) a memorandum of legal authority supporting sealing. *See* Local Rule 5.3. A party shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section.

Whenever a motion to seal is filed, the movant shall submit a proposed order which states the particular reason the seal is required. The proposed order shall be submitted to the undersigned district judge or to the magistrate judge to whom the matter is referred, via the link located under the "Utilities" section of CM/ECF. If a motion to seal is granted, the documents to be filed under seal shall be filed electronically by the movant with an appropriate designation that the documents are to be held under seal.

SO ORDERED.

                                                s/Marianne O. Battani
                                                U.S. DISTRICT COURT JUDGE

Stipulated and Agreed by:

/s/Kendell Lott-Tucker (w/ consent)
Kendell Lott-Tucker (P63543)
The Law Offices of Kendell D. Shipp-Lott, PLC
Attorneys for Plaintiffs
P.O. Box 1749
Royal Oak, MI 48068
(248)798-5250

/s/Michael S. Weisenbach
Bonnie Mayfield (P40275)
Michael S. Weisenbach (P73384)
Dykema Gossett PLLC
Attorneys for Defendant Federal Home Loan Mortgage Corporation
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
248.203.0700
bmayfield@dykema.com
mweisenbach@dykema.com

/s/John F. Fleming
John F. Fleming (P43323)
Kallas & Henk, PC
Attorneys for Keller & Lehman
43902 Woodward Avenue, Suite 200
Bloomfield Hills, MI 48302
(248) 335-5450 Ext. 213

BH01\1533081.1
ID\MSWE - 019956/0999

8